**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DISABILITY RIGHTS FLORIDA, INC.,
On behalf of its Clients and Constituents,

    Plaintiff,

vs.                                                           CASE NO. 3:18-cv-179-J-20JRK

JULIE JONES, Secretary, Florida Department
of Corrections in her Official Capacity and
FLORIDA DEPARTMENT OF CORRECTIONS,
an Agency of the State of Florida,

    Defendants.
_____/

**STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER**

    **THIS CAUSE** came on to be heard upon Plaintiff Disability Rights Florida, Inc. and Defendants Julie L. Jones and Florida Department of Correction's (FDC) joint motion for the entry of a Stipulated HIPAA Qualified Protective Order by this Court to facilitate the exchange and disclosure of Protected Health Information (PHI) pertaining to current and former patients assigned to the inpatient mental health units of the FDC. Being advised that Plaintiff and Defendants (collectively, "the Parties") have agreed to the entry of this Order, and after reviewing the file and finding good cause for the entry of this Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby **ORDERED AND ADJUDGED** as follows:

    1.    In accordance with the requirements of the regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), specifically 45 C.F.R. §164.512(e)(1)(ii)(B) and § 164.512(e)(1)(v), the Court hereby enters a HIPAA Qualified Protective Order, as that term is defined in the foregoing regulations. In addition to the

foregoing federal laws and regulations, this Order is entered to ensure compliance with applicable state laws and regulations governing patient privacy and protecting healthcare information.

2. For purposes of this Order, the term Protected Health Information (PHI) shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the payment for the provision of health care to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103), and all physicians, nurses, technicians and any other health care provider who was or is involved with the health care or treatment of any current or former FDC patient (and any agent or employee of the foregoing), are hereby authorized to disclose PHI pertaining to any current or former FDC patient. Such persons may disclose such PHI to any party to this action, to any party's attorney (including the agents and employees of the parties and their attorneys), or any member of the monitoring team (defined in Section V of the Settlement Agreement adopted by the Court, Dkt. #9-1) without violating the provisions of HIPAA. This Qualified Protective Order specifically extends to records relating to testing, diagnosis or treatment for human immunodeficiency virus (HIV), which would otherwise be confidential pursuant to Section 381.004, Fla. Stat. (2015); testing for, diagnosis of or treatment for sexually transmitted diseases, which would otherwise be confidential pursuant to Section 384.29 Fla. Stat. (2015); testing for, diagnosis of, or treatment for known or suspected cases of tuberculosis, which

would otherwise be confidential pursuant to Section 392.65, Fla. Stat. (2015); and mental health diagnosis, care and treatment, which would otherwise be confidential pursuant to Section 394.4615, Fla. Stat. (2015). PHI pertaining to the diagnosis, care, and treatment of substance abuse disorders that is covered by 42 C.F.R. § 2.12 may be obtained by complying with 42 C.F.R. §2.61, et seq. Before disclosing documents with PHI, a party shall stamp each document containing PHI information with the following stamp: "Protected Health Information Subject to HIPAA Qualified Protective Order."

    4.    Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(A), the parties shall not use or disclose PHI for any purpose other than this litigation. However, for purposes of the litigation, the parties may disclose PHI to the presiding judge and the judge's support staff, the parties, their attorneys of record, the attorneys' firms (i.e., attorneys, support staff and consultants), members of the monitoring team, the parties' insurers, experts, consultants, court reporters, videographers, and copy services. The parties shall not disclose to any currently or formerly incarcerated FDC patient the PHI of any other patient. However, the parties may disclose to a current or former FDC patient his or her own PHI.

    5.    If a party wishes to file PHI with the Court, it must be filed under seal, following the appropriate procedures to do so in the Middle District of Florida. However, any party may file a pleading or document with the Court that describes, summarizes, quotes, or contains PHI, as long as that party redacts the name and DC number of the person to whom the PHI pertains, and files an unredacted version under seal. These documents containing PHI are hereby designated as documents that may be filed under seal pursuant to Local Rule 1.09. Any party may use documents containing PHI at trial or an evidentiary hearing, including but not limited to introducing them into evidence and asking a witness about their contents. If a

party moves a document containing PHI into evidence and wants it to be a part of the record, the Court shall appropriately instruct the Clerk on how to handle such documents.

6. Prior to disclosing PHI to persons involved in this action, the parties and their attorneys shall take reasonable steps to ensure that such persons do not use or disclose the PHI for any purpose other than this litigation. This shall include, but not be limited to, informing each such person that the PHI may not be used or disclosed for any purpose other than this litigation.

7. Pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B), within 60 days from the conclusion of these proceedings, any recipient of PHI under this Order shall either return the PHI to the covered entity that provided it or destroy the PHI (including all copies made). If destroyed, the recipient of PHI shall send a declaration to the party producing the PHI material that the documents have been destroyed in accordance with this Order. For purposes of this Order, the conclusion of these proceedings shall mean the point at which this litigation is fully concluded, including by final order by the District Court ending the case, the conclusion of any appeals and proceedings on remand, or the expiration of time for any party to seek further appellate review.

8. This Order does not control or limit the use of PHI that was received by means other than through this Order (for example, through consent of the individual or through a public records request). However, the requirements of Paragraph 5 apply to all PHI, regardless of how it was obtained.

9. When a Disclosing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protections, the obligations of the Receiving Party are set forth in Fed. R. Civ. P. 26(b)(5)(B). Inadvertently

producing material that is subject to a claim of privilege or other protection does not result in a waiver of those privileges or protections.

10.     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Health Information to any person or in any circumstance not authorized under this Order, the Receiving Party must, not later than 30 calendar days after learning of the disclosure, (a) notify in writing the Disclosing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Health Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

**DONE AND ORDERED** this _____ day of _____, 2018.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DISABILITY RIGHTS FLORIDA, INC.,
On behalf of its Clients and Constituents,

    Plaintiff,

vs.                                      CASE NO. 3:18-cv-179-J-20JRK

JULIE JONES, Secretary, Florida Department
of Corrections in her Official Capacity and
FLORIDA DEPARTMENT OF CORRECTIONS,
an Agency of the State of Florida,

    Defendants.
_____/

**ACKNOWLEDGMENT OF STIPULATED HIPAA QUALIFIED PROTECTIVE ORDER**

    I, _____, hereby acknowledge that I have reviewed the HIPAA Qualified Protective Order entered into in the above-captioned case and that I agree to be bound by the Order. I further agree to the following limitations upon the use and disclosure of the Protected Health Information (PHI) documents which I am being provided:

    1.    I will use the PHI documents solely in connection with the proceedings in the above-entitled case and for no other purpose.

    2.    I will not disclose any of the PHI documents to any other person or entity except as authorized by the HIPAA Qualified Protective Order; and

    3.    Upon request, I will immediately return or destroy any PHI documents (including all copies). If destroyed, I will send a declaration to the party producing the document(s) that said documents(s) have been destroyed in accordance with the Order.

    I understand and recognize that violation of any of the provisions of this Acknowledgment may subject me to liability or sanctions including, but not limited to, personal liability for any damages resulting from such violation.

Dated this _____ day of _____, 20___.

_____        _____
Print Name                                                   Signature